Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| INÉS NYDIA CORUJO MARTÍNEZ<br><br>Apelante<br><br>v.<br><br>REPARTO INDUSTRIAL CORUJO, INC., GLADYS A. CORUJO MARTÍNEZ, EN CARÁCTER DE AGENTE RESIDENTE DE REPARTO INDUSTRIAL CORUJO, INC. Y OTROS<br><br>Apelados | KLAN202300247 | *APELACION* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2022CV07062<br><br>Sobre: Cobro de Dinero – Ordinario |
|---|---|---|

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece la parte apelante, Inés N. Corujo Martínez, y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 12 de diciembre de 2022, notificada el 14 de diciembre de 2022. Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de desestimación instada por Reparto Industrial Corujo, Inc., y, en consecuencia, desestimó la causa de acción en contra de los apelados.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado. Veamos.

## I

El 8 de agosto de 2022, Inés N. Corujo Martínez (Corujo Martínez o apelante) incoó una *Demanda* sobre sentencia declaratoria, derechos reales, derecho de comunero, cobro de dinero y daños y perjuicios en contra de la corporación Reparto Industrial Corujo, Inc. (Reparto Industrial),

Número Identificador

SEN2023 _____

Gladys A. Corujo Martínez,[1] como agente residente de la referida corporación, por sí y en representación de la sociedad de bienes gananciales compuesta por esta y Fulano de Tal, al igual que las Aseguradoras A, B y C (apelados).[2] Específicamente, esbozó las alegaciones reproducidas a continuación:

[. . .]

5. Las hermanas de la demandante, de nombres Gladys A. Corujo Martínez, Betzie M. Corujo Martínez, Adele M. Corujo Martínez, Lizzie T. Corujo Martínez y Germie M. Corujo Martínez son dueñas-accionistas de REPARTO INDUSTRIAL CORUJO, INC., conjuntamente con la demandante.

6. Las hermanas de la demandante, antes mencionadas, han usurpado y ejercen la administración y gerencia de REPARTO INDUSTRIAL CORUJO, INC[.] en total exclusión de la parte demandante, a quien han privado y continúan privando de todos los beneficios que[,] de conformidad con la Sentencia de Declaratoria de Herederos, tendría derecho.

7. La codemandada Gladys A. Corujo Martínez ha violado el deber de fiducia que tienen hacia [la] codueña demandante.

8. La Corporación Reparto Industrial Corujo, Inc. ha incumplido con el deber de fiducia que le corresponde proteger en favor de la demandante, no reconociéndola como oficial ni accionista ni pagándole dividendos, salarios, ni beneficios de tipo alguno.

9. La codemandada Gladys A. Corujo Martínez, responde personalmente por cualquier gravamen o contribución adeudada al Gobierno de Puerto Rico, con cualquier otro cargo que sea imputado contra Reparto Industrial Corujo, Inc.

10. La codemandada Gladys A. Corujo Martínez, responde personalmente por cualquier menoscabo que sufra o haya sufrido la demandante en la participación que le corresponde de los bienes de Reparto Industrial Corujo, Inc.

11. La codemandada Gladys A. Corujo Martínez, responde personalmente por los daños y perjuicios sufridos por la demandante por la privación de su participación en los bienes de Reparto Industrial Corujo, Inc.[,] cuyo valor estima en una suma igual a lo que debió haber recibido como suma de beneficios, dividendos, salarios y otras participaciones.[3]

[. . .]

---

[1] Precisa señalar que, el 28 de septiembre de 2022, el Tribunal de Primera Instancia emitió y notificó una *Resolución* mediante la cual le anotó la rebeldía a la codemandada Gladys A. Corujo Martínez. Véase, Entrada 13 del Caso Núm. SJ2022CV07062 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] Anejo 3 del recurso, págs. 4-8.

[3] Íd., pág. 5.

En virtud de ello, Corujo Martínez solicitó lo siguiente: (1) que se le reconociera como comunera, con los mismos derechos y privilegios que los demás comuneros; (2) una indemnización no menor de $100,000.00 anuales desde el año 1996, por concepto del derecho comunero que le correspondía; (3) una compensación de $1,000,000.00 por concepto de daños y perjuicios; (4) el pago de costas y la suma de $250,000.00 por concepto de honorarios de abogado.

Luego de varios trámites procesales, el 21 de noviembre de 2022, Reparto Industrial instó una *Moción [de] Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*.[4] En lo pertinente, argumentó que la *Demanda* no exponía una reclamación que justificara la concesión de un remedio, aun tomando como ciertas todas las alegaciones de Corujo Martínez. Según adujo, Corujo Martínez solo alegó daños especulativos, pues de la acción de epígrafe no surgían los daños palpables que había sufrido esta por los presuntos actos de Reparto Industrial. Sobre ese particular, añadió que Corujo Martínez recitó remedios aleatorios contra daños hipotéticos que no justificaban la concesión de un remedio. Solicitó que se desestimara con perjuicio la *Demanda* y que se le impusiera a la apelante honorarios de abogado, así como costas, por una cantidad no menor de $10,000.00.

En respuesta, el 11 de diciembre de 2022, Corujo Martínez se opuso.[5] En esencia, adujo que el propósito de incoar la acción de epígrafe era para que la corporación, Reparto Industrial, cumpliera con su deber legal con esta, como accionista de dicha compañía. Planteó que la parte apelada era responsable de pagar el dinero adeudado a esta, como accionista, desde el año 1996 hasta el presente. Sostuvo que, para que pudiese prosperar la solicitud de desestimación, la parte apelada debía

---

[4] Anejo 4 del recurso, págs. 9-17. Cabe destacar que, en su escrito, Reparto Industrial le solicitó al foro primario que tomara conocimiento judicial sobre los múltiples pleitos que Corujo Martínez había incoado ante ese foro sobre remedios idénticos al caso de autos, a saber: "a. Caso Núm. KAC2012-0673[,] *Inés Corujo Martínez v. Sucn. Corujo Mangual*, Desestimado Con Perjuicio mediante Sentencia notificada y archivada en autos el 21 de marzo de 2013[;] b. Caso Núm. SJ202[1]CV04640[,] *Inés Corujo Martínez v. Reparto Industrial Corujo, Inc.*, [Desistido] Sin Perjuicio mediante Sentencia notificada y archivada en autos el 25 de octubre de 2022". *Íd.*, págs. 10-11. (Énfasis omitido).
[5] Anejo 5 del recurso, págs. 18-22.

demostrar que le había pagado lo adeudado. Por tanto, señaló que no procedía la desestimación del pleito bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Evaluadas las posturas de las partes, el 12 de diciembre de 2022, notificada el 14 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa.[6] Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de desestimación promovida por Reparto Industrial. En su consecuencia, desestimó y archivó la causa de acción de epígrafe contra la parte apelada.

En desacuerdo, el 29 de diciembre de 2022, Corujo Martínez presentó una *Moción de Reconsideración*,[7] la cual fue declarada No Ha Lugar por el foro *a quo* el 23 de febrero de 2023.[8]

Inconforme, el 24 de marzo de 2023, la parte apelante presentó el recurso de epígrafe y le imputó al foro primario la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al despachar de forma automática y sin permitir una vista evidenciar[i]a o argumentativa, que la Parte Demandante presentara su caso sobre la falta de pago de sus derechos como accionista, por parte de la Parte Demandada. No hacerlo, provoca una indefensión total a la Parte Demandante, y la deja sin remedios. Lo mínimo que procedía en este caso era convocar a una vista, para que la Parte Demandante presentara su prueba de todos los esfuerzos que ha hecho por cobrar su dinero como accionista de la corporación Reparto Industrial Corujo, Inc., lo cual al día de hoy no ha cobrado.

En cumplimiento con nuestra *Resolución* emitida el 28 de marzo de 2023, y luego de una prórroga a esos efectos, la parte apelada compareció el 15 de mayo de 2023 mediante *Alegato en Oposición a Apelación*.

Con el beneficio de la comparecencia de las partes, nos disponemos a resolver el recurso que nos ocupa.

---

[6] Anejo 1 del recurso, págs. 1-2.
[7] Anejo 6 del recurso, págs. 23-31.
[8] Anejo 2 del recurso, pág. 3.

## II

## A

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 2022 TSPR 104, 210 DPR ___ (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, 2023 TSPR 5, resuelto el 20 de enero de 2023; *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Íd.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

**B**

Sabido es que el propósito de las alegaciones es notificarle de forma general a la parte demandada cuáles son las reclamaciones en su contra para que pueda comparecer a defenderse si así lo desea. *Eagle Security Police, Inc. v. Efrón Dorado, S.E.* y otros, 2023 TSPR 5, resuelto el 20 de enero de 2023. A tenor con ello, al analizar una solicitud de desestimación, los tribunales deben tener presente que la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, solo exige que las alegaciones contengan una

relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio. *Íd.*

Ahora bien, en el ámbito federal, el Tribunal Supremo de los Estados Unidos tuvo ocasión de interpretar la contraparte federal de nuestra Regla 6.1, la Regla 8(a) de Procedimiento Civil Federal, al resolver *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), y *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Por medio de los citados casos, el Alto Foro federal incorporó la plausibilidad como criterio de desestimación. Dicho parámetro exhorta a los tribunales de instancia a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Ed. Lexis Nexis, 2017, sec. 2604, pág. 307. De esta manera, el foro sentenciador estará en posición de auscultar si las alegaciones bien fundamentadas establecen una reclamación plausible, "que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común". *Íd.* Incumplido el criterio de plausibilidad, procede desestimar la demanda e impedir que la causa de acción prosiga bajo el supuesto de que en el descubrimiento de prueba se probarán las alegaciones conclusorias. *Íd.* Ello "persigue una mayor precisión en los hechos bien alegados para lograr una mejor definición de la controversia trabada en las alegaciones". *Íd.*

**C**

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *Íd.*, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe

prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por *discreción* se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación*, 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, supra, págs. 211-212.

Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Como único señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al declarar Ha Lugar la solicitud de desestimación del apelado sin permitir la celebración de una vista evidenciaria o argumentativa en la cual pudiera demostrar el impago de sus derechos como accionista de Reparto Industrial. Arguye que, para que pudiese prosperar la referida solicitud de desestimación, la parte apelada tendría que demostrar, por lo menos, que le ha pagado consistentemente a esta lo adeudado. Según aduce, ello no se ha demostrado y es materia del caso que amerita la celebración de una vista.

En oposición, la parte apelada alega, en síntesis, que, al revisar las alegaciones bien hechas de la *Demanda*, la apelante no tiene derecho a la concesión de un remedio. Sostiene que, aun interpretando de la forma más liberal las alegaciones vertidas en la acción de epígrafe, la apelante no dispone de una causa de acción para solicitar derechos comuneros, si tuviese alguno, en contra de Reparto Industrial.

Hemos examinado cuidadosamente el trámite procesal, los escritos de las partes, así como la normativa aplicable y concluimos que el Tribunal de Primera Instancia no incidió al desestimar la causa de acción en contra de la apelada. Nos explicamos.

Según reseñáramos, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite que la parte demandada presente una moción de desestimación levantando como defensa que la demanda incoada en su contra deja de exponer una reclamación que justifique la concesión de un remedio. Al resolver este tipo de moción dispositiva bajo dicho fundamento, se tomarán como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente; y que de su faz no den margen a dudas. Dichas alegaciones deben contener una relación sucinta y sencilla de los hechos y la solicitud del remedio. Ello sin perder de vista el criterio de plausibilidad, el cual exhorta a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas.

Asimismo, tales alegaciones se interpretarán conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante. La demanda no deberá desestimarse, a menos que se demuestre que la parte demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. Tampoco procede la desestimación, si la demanda es susceptible de ser enmendada.

Al evaluar las alegaciones contenidas en la *Demanda* de epígrafe en cuanto a la parte apelada, concluimos que estas no superan los criterios establecidos en las Reglas 6.1 y 10.2(5) de Procedimiento Civil, *supra*, según discutidos previamente. La parte apelante se limitó a desglosar siete (7) alegaciones en contra de la parte apelada.[9] Luego de entender sobre las alegaciones esbozadas en la acción de epígrafe, colegimos que estas carecen de especificidad que puedan dar base a una posible reclamación que justifique la concesión de un remedio. Conforme a lo resuelto por el Tribunal de Primera Instancia, de los hechos alegados en la acción de autos no puede inferirse que la parte apelada incurriera en conducta que pueda justificar los remedios solicitados, sino que se trata de alegaciones conclusorias. En atención a lo anterior, concluimos que el foro primario no incidió al declarar Ha Lugar la solicitud de desestimación promovida por Reparto Industrial, por lo que no se cometió el error señalado.

En mérito de lo anterior y como correctamente determinó el foro apelado, procedía desestimar la causa de acción instada en contra de la parte apelada. En consecuencia, confirmamos la determinación apelada.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Véase, Alegaciones 5-11 de la *Demanda*, Anejo 3 del recurso, pág. 5.